UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MITCHELL PRINGLE,

        Petitioner,

- against -

UNITED STATES OF AMERICA,

        Respondent.
-----------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 3702 (ILG)
12 Civ. 0239 (ILG)
10 Cr. 0071 (ILG)

GLASSER, Senior United States District Judge:

Petitioner Mitchell Pringle ("Pringle") was arrested on January 8, 2010, and on February 5, 2011 pleaded guilty to a two count indictment charging him with conspiring to distribute and possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 846 (2006) ("Count One") and conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 ("Count Two"). Consistent with the then-prevailing view that the Fair Sentencing Act of 2010's new thresholds for mandatory minimum penalties[1] applied only to conduct that occurred after the FSA's enactment, the Court on June 2, 2011 sentenced Pringle to the pre-FSA statutory minimum of five years and four years of supervised release with respect to Count One and 37 months with respect to Count Two, to run concurrently. Sentencing Tr. at 18 ("Count One is a

---

[1] The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA"), which took effect on August 3, 2010, among other things, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." Dorsey v. United States, — U.S.—, 132 S. Ct. 2321 (2012).

1

mandatory of five years so it's five years and four years of supervised release and Count Two is 37 months concurrent with Count One.").

On November 9, 2011, Pringle filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence.[2] The Government on February 10, 2012 opposed the motion, maintaining that a motion pursuant to 28 U.S.C § 2255—not § 3582(c)—was the proper vehicle for Pringle to challenge his sentence as the Court did not sentence Pringle under a guideline provision but instead a statutory minimum. On June 21, 2012, the Supreme Court in Dorsey v. United States concluded that the more lenient mandatory minimum provisions of the FSA apply to defendants such as Pringle who committed a crack cocaine offense before August 3, 2010, the date the FSA went into effect, but were sentenced after.

After being directed by the Court to provide briefing on the application of Dorsey here, the Government on July 16, 2012 reaffirmed its position that a Section 2255 motion was the proper vehicle for Pringle to challenge his sentence; however, it also stated that "[s]hould the defendant affirmatively indicate that he wishes to deem his pending motion as a request for relief under Section 2255, the government would not oppose resentencing consistent with the provisions of the FSA and the Supreme Court's decision in Dorsey." Letter from the Government dated July 16, 2012 (12 Civ. 0239, Dkt. No. 4). By letter dated July 19, 2012, Pringle did just that, and his Section 3582(c)

---

[2] Since Pringle is proceeding pro se, he benefits from the "prison mailbox rule," which provides that a motion is deemed filed on the day it is handed to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Pringle certifies that he handed the motion to prison officials on November 9, 2011; however, the Court did not receive it until January 17, 2012.

2

motion was deemed a motion to vacate his sentence pursuant to Section 2255. Letter from the Defendant dated July 19, 2012 (12 Civ. 3702, Dkt. No. 1).

In light of the FSA, Dorsey, and the Government's statement that it will not oppose resentencing, Pringle's motion pursuant to 28 U.S.C. § 2255 is hereby GRANTED. The Court reappoints Samuel M. Braverman, who previously represented Pringle, to represent him in connection with resentencing. The United States Probation Office is directed to prepare a revised presentence investigation report in light of this Memorandum and Order that calculates Pringle's guideline sentence with reference to the FSA's revised guidelines. A resentencing hearing will be promptly scheduled after the revised presentence investigation report is prepared.

The Clerk of the Court is directed to (1) deny as moot Pringle's Section 3582(c) motion (12 Civ. 0239, Dkt. No. 1); (2) close case number 12 Civ. 0239; (3) grant Pringle's Section 2255 motion (12 Civ. 3702, Dkt. No. 1); and (4) close case number 12 Civ. 3702.

SO ORDERED.

Dated:  Brooklyn, New York
        August 2, 2012            s/ILG

                                  I. Leo Glasser
                                  Senior United States District Judge


Copies of this Order have been sent by mail to:

Mitchell Pringle
65116-053
FCI-Allenwood
P.O. Box 2000
White Deer, PA 17887-200

Seth DuCharme
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Samuel M. Braverman
901 Sheridan Avenue
Bronx, NY 10451

Roberta Houlton
United States Probation Officer
147 Pierrepont Street
Brookyln, NY 11201